UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADNI GHAFOORI,<br><br>  Plaintiff,<br><br>  v.<br><br>TUOLUMNE COUNTY PUBLIC DEFENDER'S OFFICE,<br><br>  Defendant. | No. 2:25-cv-0477-DJC-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The motion to proceed IFP will be granted. However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim. As explained below, the undersigned recommends that Plaintiff's claims be dismissed without leave to amend.

**I.   LEGAL STANDARD**

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to

1

1  pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The federal IFP statute,
2  however, requires federal courts to dismiss such a case if the action is legally "frivolous or
3  malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from
4  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the
5  complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The
6  Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-
7  rules-practice-procedure/federal-rules-civil-procedure.
8       Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
9  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
10  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
11  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
12  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
13  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
14  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
15  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.
16       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
18  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
19  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
20  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.
21       The court applies the same rules of construction in determining whether the complaint
22  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
23  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
24  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
25  less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520
26  (1972).  However, the court need not accept as true conclusory allegations, unreasonable
27  inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,
28  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

1  to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,
2  556 U.S. 662, 678 (2009).
3        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
4  state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
5  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
6  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
7  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
8  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
9  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

10  **II.    COMPLAINT**

11        Plaintiff's Complaint names the Tuolumne County Public Defender's Office as a
12  Defendant and asserts federal question jurisdiction based on 42 U.S.C. § 1983. ECF No. 1 at 2.
13  The Complaint alleges that Defendant assigned Kevin Lindsley as Plaintiff's public defender after
14  Plaintiff was charged with driving under the influence ("DUI"). *Id.* Lindsley failed to file a
15  motion to dismiss or to challenge the lack of evidence justifying the initial stop. *Id.* He also did
16  not requisition the GPS logs, despite the fact that they could have discredited the alleged basis for
17  the traffic stop. *Id.* The Complaint argues that Lindsley's representation of Plaintiff does not
18  meet the "objective standard of reasonableness" for effective representation outlined in *Strickland*
19  *v. Washington*. *Id.* (citing 466 U.S. 668 (1984)).
20        The DUI case was reassigned to Nathan Nutting, who the Complaint alleges again refused
21  to file a motion to dismiss or meaningfully investigate the case. ECF No. 1 at 3. He did not
22  subpoena key evidence, file any substantive motions, or respond to communications regarding
23  key legal issues. *Id.* Nutting then pressured Plaintiff to take a "plea deal for wet and reckless,"
24  which Plaintiff argues violated Nutting's duty to provide competent legal advice during plea
25  negotiations. *Id.* (citing *Lafler v. Cooper*, 566 U.S. 156 (2012)).
26        The Complaint then alleges that when Plaintiff requested that Defendant file an appeal on
27  January 14, 2025, Defendant refused. ECF No. 1 at 3. Plaintiff cites *Roe v. Flores-Ortega* to
28  argue that the failure to file an appeal when directed to do so constitutes ineffective assistance of

counsel. *Id.* (citing 528 U.S. 470 (2000)).  The Complaint alleges that denial of due process and appellate review violated Plaintiff's Sixth and Fourteenth Amendment rights.  ECF No. 1 at 3.

Based on these facts, Plaintiff alleges a cause of action under 42 U.S.C. § 1983 and a claim for gross negligence under California law.  *Id.* at 3-4.  Plaintiff seeks $150,000 in compensatory damages, $50,000 in punitive damages, declaratory relief, and injunctive relief as necessary to compel Defendant to ensure proper legal representation.  *Id.* at 4-5.

### III.     ANALYSIS

#### A. In Forma Pauperis Application

Plaintiff's application does not identify his employer, but does assert that he takes home $200 of his pay per unspecified pay period.  ECF No. 2 at 1.  His only other sources of income are CalFresh and Medical benefits.  *Id.*  His only assets are $200 in savings and a 2014 Toyota Scion.  *Id.* at 2.  Although he does not itemize any other expenses, he explains that his sister takes care of him while he takes care of his father.  *Id.*

Although Plaintiff's application to proceed IFP lacks various details, the information he does provide is substantial.  Plaintiff is caring for a parent while relying on support from someone else, with almost no assets and an income of a couple of hundred dollars per pay period.  ECF No. 2.  Plaintiff has, in broad terms, demonstrated that he does not have the resources to pay filing fees in this action.  *See* 28 U.S.C. § 1915(a)(1).  Leave to proceed IFP is granted.

#### B. Substantive Issues

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Even assuming for the sake of argument that Plaintiff's public defender failed to satisfy the Sixth Amendment, there would be no state action supporting a cause of action under § 1983.  *See Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (attorney representing criminal defendant, "whether retained or appointed, does not act 'under color of' state law").

4

To the extent Plaintiff seeks to attack his conviction in federal court, he may do so only through a habeas corpus petition pursuant to 28 U.S.C. § 2254. However, § 2254 imposes exacting procedural requirements. If Plaintiff files a habeas corpus petition, he must become familiar with those requirements under § 2254 and comply with them.

Given that there is no basis for federal jurisdiction, the Court will not separately analyze Plaintiff's state law negligence claim.

### IV.  AMENDING THE COMPLAINT

Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court concludes that leave to amend would be futile because Plaintiff is suing a public defender's office and there is therefore no state action. *See Torres v. Becton*, 2021 WL 1238310 at *1-2 (N.D. Cal. 2021) (dismissing without leave to amend claim against "a private attorney appointed to represent [a criminal defendant] during [his criminal] proceedings" based on an absence of state action).

**PRO SE PLAINTIFF SUMMARY**

The magistrate judge is recommending that your case be dismissed because you cannot allege a claim under 42 U.S.C. § 1983 against your public defenders.

You can object to this recommendation in writing within 14 days. The District Judge will consider your objections and make a final decision.

### V.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed IFP (ECF No. 2) be GRANTED.

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims be DISMISSED without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." The plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE